UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | CASE NUMBER: 20 CR 773 |
|---|---|
| v. | **UNDER SEAL** |
| DEXSTIN BRYANT (a/k/a "Dex"), TREMAINE BRENT (a/k/a "Bud"), ███████, JARVIS BLAIR, ENRIQUE HOLLINS (a/k/a "Rique"), ███████, JUSTIN JOHNSON (a/k/a "BB"), TYJUAN MCDOWELL (a/k/a "Weezy"), ███████, ALLEN WASHINGTON (a/k/a "Peanut"), ███████, and INA WILLIAMS | |

# **O R D E R**

Upon the motion of the United States for a protective order pursuant to Fed. R. Crim. P. 16(d)(1), it is hereby ordered as follows:

1.  All Title III applications, affidavits, and orders (collectively the "Title III Materials") produced by the government in connection with this case, and all other investigative materials and reports disclosed by the government in original or redacted form, may be utilized by the charged defendant(s) and counsel(s) solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. The materials and their contents, and any notes, records or copies of any kind that defense counsel or the defendant(s) may make relating to the contents of materials provided by the government shall not be disclosed either

directly or indirectly, verbally or in writing, to any person or entity other than the defendant, his counsel, such other persons as are reasonably employed by them as may be necessary to prepare a defense, or such other persons as to whom the Court may authorize disclosure. The materials and their contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

2. These restrictions do not apply to documents or materials that are public record, including, but not limited to, transcripts of proceedings; documents, recordings and other materials that have been received in evidence at public hearings or proceedings; or documents or materials that are otherwise in the public domain.

3. Intentional violation of this Order is punishable as a contempt, and may result in the imposition of civil and criminal sanctions. However, nothing contained in this protective order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

E N T E R:

/s/ Sunil R. Harjani
SUNIL R. HARJANI
United States Magistrate Judge

11/6/2020
DATE